```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**JIMMY LEE NASLUND,**

                      **Petitioner,**

         v.                               **CASE NO. 05-3462-RDR**

**DUKE TERRELL,**

                      **Respondent.**

### O R D E R

This matter is before the court on petitioner's motion to reconsider (Doc. 4). Petitioner seeks review of the court's order of December 15, 2005, directing him to show that he had exhausted administrative grievances prior to commencing this action for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Petitioner argues that the Prison Litigation Reform Act does not apply to habeas corpus actions, and he contends that resort to the grievance procedure would be futile, as he challenges a program statement issued by the Bureau of Prisons.

The exhaustion requirement in habeas corpus is not based upon the Prison Litigation Reform Act of 1996 but upon comity and judicial economy. Tenth Circuit case law long has recognized the exhaustion requirement in actions brought pursuant to § 2241. See Williams v. O'Brien, 792 F.2d 985 (10th Cir. 1986)(federal

prisoner who did not use administrative procedure to challenge allegedly unlawful execution of sentence was not entitled to habeas corpus review).  Next, while the Tenth Circuit has recognized an exception to the exhaustion requirement where futility is shown, that exception is narrow.  See <u>Wallace v. Cody</u>, 951 F.2d 1170 (10th Cir. 1991)(finding futility where state court decision required showing that prisoner would be eligible for immediate release if good time credits were available) and <u>Goodwin v. State of Oklahoma</u>, 923 F.2d 156 (10th Cir. 1991)(finding exhaustion futile where state court had recently issued adverse decision on precise legal question).

Here, the court finds the use of the administrative grievance procedure is not unduly burdensome and concludes the exhaustion process should not be rejected as patently futile in this matter.

Accordingly, the court will deny petitioner's motion to reconsider and will dismiss this matter without prejudice to allow petitioner to pursue administrative remedies.

IT IS THEREFORE ORDERED petitioner's motion for reconsideration (Doc. 4) is denied.

IT IS FURTHER ORDERED this matter is dismissed without prejudice.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 6th day of January, 2006, at Topeka, Kansas.

                                          S/ Richard D. Rogers
                                          RICHARD D. ROGERS
                                          United States District Judge